

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed October 18, 2005

United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TIFFANY ANASTASIA SAGER | § | CASE NO. 04-49511-DML |
| | § | |
| Debtor | § | |
| | § | |

### MEMORANDUM OPINION

Before the court are (1) Debtor's Motion to Avoid Judgment Lien Pursuant to Section 522(f)(1)(A) [sic] (the "Motion") filed July 26, 2005, by Tiffany Anastasia Sager ("Debtor") and (2) Creditor's Objection to Debtor's Motion to Avoid Judgment Lien (the "Objection") filed September 14, 2005 by Law Offices of David Cowden ("Creditor"). A hearing on both the Motion and the Objection was held on September 15, 2005, and the court considered testimony of the Debtor and arguments of counsel. AR 09-15-05.[1] At the conclusion of the hearing, the court took the matter under advisement. This memorandum opinion constitutes the court's findings and conclusions. FED. R. BANKR. P. 7052 and 9014.

---

[1] Audio Record (AR), 09-15-05.

1

## BACKGROUND

Debtor owns Lot 3413 Block 2 Monticello Park, Fort Worth, Texas 76107 (the "Property"). Debtor does not recall when she purchased the Property, however she lived at the Property for three years prior to purchasing it. AR Sager 09-15-05.[2] In June 2004, Debtor checked into a rehabilitation facility for nine months. AR Sager 09-15-05. Because Debtor was unable to use the Property while she was in the rehabilitation facility, Debtor's mother rented out the Property from June 2004 to July 2005. AR Sager 09-15-05. Also during her stay at the rehabilitation facility, on October 1, 2004, Debtor filed for relief under chapter 13 of the Bankruptcy Code.[3] Debtor claimed the Property as exempt on her Schedule C. *See* Debtor's Schedule C.[4] Prior to Debtor's filing for bankruptcy, Creditor abstracted a judgment against Debtor and now asserts a lien against the Property. AR Sager 09-15-05.

## DISCUSSION

Debtor seeks to avoid the judgment lien pursuant to Code § 522(f)(1)(A).[5] Creditor objects to Debtor's Schedule C homestead exemption of the Property.

"An exemption is an interest withdrawn from the estate (and hence from the creditors) for

---

[2] Debtor's testimony (Tiffany Sager).

[3] 11 U.S.C. §§ 101-1330 (2005), *amended by* 11 U.S.C. §§ 101-1532 (as enacted Apr. 20, 2005) (hereafter the "Code").

[4] The court took judicial notice of the schedules during the hearing.

[5] In relevant part, the Code provides:

> (f)(1)    . . . [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A)    a judicial lien, other than a judicial lien that secures a debt—
>
> (i)    to a spouse, former spouse, or child of the debtor . . . .

Code § 522(f)(1)(A)(i).

the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308 (1991). Bankruptcy Code section 522 determines what property a debtor may exempt. *See* Code § 522. In Texas, a debtor may select between a specific list of federal exemptions or choose the applicable state exemptions. *See id.* § 522(b)(1), (d). Debtor selected the Texas exemption scheme and claimed the Property as exempt pursuant to the Texas Constitution[6] and the Texas Property Code.[7] *See* Debtor's Schedule C.

The homestead claimant has the initial burden of establishing homestead status. *See Perry v. Dearing (In re Perry)*, 345 F.3d 303, 311 (5th Cir. 2003). To establish homestead rights, the claimant must show both overt acts of homestead usage and the intent on the part of the owner to claim the land as homestead. *See id.*; *Sanchez v. Telles*, 960 S.W.2d. 762, 770 (Tex. App.—El Paso 1997, pet. denied). Because Debtor owned and lived at the Property for several years prior to filing bankruptcy, she sufficiently established the Property as her homestead. *See Perry*, 345 F.3d at 311 (holding the homestead claimant met the initial burden by occupying the land for more than twenty years); *see also In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) ("Possession and use of land by one who owns it and who resides upon it makes

---

[6] In relevant part, the Texas Constitution provides:

> The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:
>
> 1. the purchase money therefore, or a part of such purchase money;
> 2. the taxes due thereon . . . .

TEX. CONST. art. XVI, § 50 (2004).

[7] In relevant part, the Texas Property Code provides:

> If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.

TEX. PROP. CODE ANN. § 41.002(a).

3

it the homestead in law and in fact.").

Once the initial burden is met, "the objecting party has the burden of proving that the exemptions are not properly claimed." *See* FED. R. BANKR. P. 4003(c); s*ee also Perry*, 345 F.3d at 311; *Rubarts v. First Gibraltar Bank, FSB (In re Rubarts)*, 896 F.2d 107, 110 (5th Cir. 1990). The homestead status is presumed to continue unless it is terminated. *Rubarts*, 896 F.2d at 110. Thus, Creditor has the burden of proving that Debtor's homestead rights have been terminated.

Creditor contends that Debtor has moved away from the Property to reside with her husband, and has therefore abandoned the Property as her homestead. However, Debtor testified that she moved in with her mother after returning from rehabilitation. Debtor and her husband were married shortly thereafter, and they are currently residing with her mother only until repairs are complete on the Property. Debtor testified that she and her husband plan to move back to the Property in thirty to forty-five days.

"While occupying a piece of property as homestead, a person cannot establish a homestead right in another place by 'attempting to live there in the future.'" *Caulley v. Caulley*, 806 S.W.2d 795, 797 (Tex. 1991). However, the temporary renting of a homestead does not change its homestead character if the homestead claimant has not acquired another homestead. TEX. PROP. CODE ANN § 41.003. Though a third party rented the Property while Debtor was in the rehabilitation facility, Debtor never acquired another homestead. Debtor certainly neither acquired homestead rights in the rehabilitation facility nor in her mother's residence while staying there temporarily.

Because homesteads are "favorites of the law," the court "must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions." *Bradley v. Pac. Sw. Bank, FSB (In re Bradley)*, 960 F.2d 502, 507 (5th Cir. 1992); *see also*

4

*Perry*, 345 F.3d at 316. The court therefore finds that the Property is Debtor's principal place of residence and urban homestead under Texas law and that Creditor has not carried its burden to show that Debtors improperly claimed the Property as exempt property on Schedule C.

The Texas Constitution provides that no "lien on the homestead shall ever be valid . . ." unless the debt is for purchase money on the homestead, for work and materials used to construct improvements on the homestead property, or for unpaid taxes. TEX. CONST. art. XVI, § 50 (c) (2004); *Laster v. First Huntsville Props. Co.*, 826 S.W.2d 125, 129-30 (Tex. 1991). It is well settled law in Texas that any attempt to create a lien or mortgage on a homestead to secure a debt, outside of those permitted by the Constitution, never becomes effective to any extent. *Toler v. Fertitta*, 67 S.W.2d 229, 230-31 (Tex. Comm'n App. 1934, judgm't adopted); *see also Laster*, 826 S.W.2d at 130. Thus, Creditor's lien is void because it purports to impair Debtor's homestead.

Even if the lien was not void for impairing Debtor's homestead, it would be avoided pursuant to Section 522(f)(1)(A) of the Bankruptcy Code. Because Creditor's judicial lien does not secure a debt that is owed to a spouse or child of Debtor, and because the Property has been exempted, Creditor's lien on the Property impairs the exemption claimed by Debtor under 11 U.S.C. § 522(b) and Texas Constitution Article 16 §§ 50 and 51, as effectuated by Texas Property Code §§ 41.001 and 41.002. Therefore, even if Creditor's lien on the Property is valid, it impairs Debtor's exemption and must be avoided pursuant to Section 522(f)(1)(A) of the Bankruptcy Code.

## CONCLUSION

Consistent with the court's reasoning set forth herein, **IT IS HEREBY ORDERED** that

(1). The Objection be, and hereby is, **DENIED**; and

(2). The Motion be, and hereby is, **GRANTED**.